UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WANDA HALL, | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| AIRGAS USA, LLC; | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

Plaintiff Wanda Hall ("Plaintiff" or "Ms. Hall") files this Complaint for Equitable Relief and Damages against Airgas USA, LLC ("Airgas" or "Defendant") showing the Court as follows:

### INTRODUCTION

1. This is an action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., to correct unlawful employment practices based on FMLA interference and retaliation, to vindicate Plaintiff Hall's rights, and to make her whole.

2. Ms. Hall seeks injunctive and declaratory relief, back pay and lost benefits, front pay or reinstatement to a full-time position with commensurate benefits, liquidated damages, and attorney's fees and costs of litigation for

Defendant's violations of federal law.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4.      Venue is proper in this district and division under 28 U.S.C. § 1391(b), because the Defendant resides in the Northern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

## THE PARTIES

5.      Ms. Hall is a citizen of the United States, a resident of the State of Georgia, and submits herself to the jurisdiction of this Court.

6.      At all times relevant, Ms. Hall was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*.

7.      Ms. Hall had been employed with Airgas for more than 12 months and worked more than 1250 hours in the 12 months preceding her serious health condition.

8.      Airgas is a for-profit corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia.

9.      Airgas is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*.

10. Airgas had more than 50 employees within a 75-mile radius of the location in which Ms. Hall was employed in each of 20 or more consecutive weeks in the current or preceding calendar year within the meaning of 29 U.S.C. § 2601 *et seq*.

11. Airgas may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046.

## STATEMENT OF FACTS

12. Ms. Hall began employment with Airgas in September 2013 as a Credit Analyst.

13. In 2016, Ms. Hall transferred to a new position – Customer Service Representative I, Accounts Receivable Collector – also known as Collections Specialist.

14. Ms. Hall's performance throughout her employment was good, and at the time of her termination, based on objective measures, she was ranked first on her team.

15. Ms. Hall's supervisor during the last four years of her employment was Ebony James, and Ms. James reported to Chanoa Merrick.

16. Ms. Hall suffers from a serious health condition as defined by the

FMLA.

17. Ms. Hall's health condition was exacerbated by intense mistreatment and bullying by Ms. James.

18. On February 24, 2020, Ms. Hall formally complained in writing to Ann Rice, Division Vice President of Human Resources, that she was being treated differently and retaliated against for her use of intermittent FMLA.

19. Ms. Hall complained that when she used her intermittent FMLA leave she was not permitted to make up the time through other work as her coworkers were allowed to do and that she was explicitly told her FMLA leave was "too much to keep up with."

20. Ms. Hall also complained that she was not allowed to work overtime while being on intermittent FMLA leave even though her coworkers were permitted to work overtime.

21. Three weeks after Ms. Hall complained to Human Resources about the harassing treatment by Ms. Jones and the retaliation for Ms. Hall's use of intermittent FMLA, Ms. Jones placed Ms. Hall on a performance improvement plan.

22. Airgas terminated Ms. Hall's employment on June 25, 2020.

## COUNT I
### Interference with FMLA Leave

23. Ms. Hall incorporates by reference all the preceding paragraphs of the

Complaint.

24. Ms. Hall was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

25. By not permitting Ms. Hall to make up the time through other work as her coworkers were allowed to do and by telling Ms. Hall that her FMLA leave was "too much to keep up with," Airgas prevented Ms. Hall from exercising her rights under the FMLA.

26. By not allowing Ms. Hall to work overtime while being on intermittent FMLA leave even though her coworkers were permitted to work overtime, Airgas prevented Ms. Hall from exercising her rights under the FMLA.

27. By terminating Ms. Hall, Airgas prevented Ms. Hall from exercising her rights to continued intermittent FMLA leave under the FMLA.

28. Airgas's actions in interfering with Ms. Hall's federal right to FMLA leave were committed with reckless disregard for her right to take up to 12 work weeks of leave on an intermittent basis to care for her serious health condition and in violation of the FMLA, 29 U.S.C. § 2615(a)(1).

29. The effect of Airgas's actions has been to deprive Ms. Hall of a job, as well as income in the form of wages, health insurance, prospective retirement

benefits, social security, and other benefits due to her, solely because of her right to leave under the FMLA.

30. As a result, Ms. Hall is entitled to both equitable and monetary relief for Airgas's violations of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

31. Ms. Hall is also entitled to liquidated damages for Airgas's willful violations of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT II
## Retaliation in Violation of the FMLA

32. Ms. Hall incorporates by reference all the preceding paragraphs of the Complaint.

33. Ms. Hall was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

34. By placing Ms. Hall on a performance improvement plan despite her good performance and later using that plan as an excuse to terminate Ms. Hall's employment, because of her use of FMLA leave and complaints to Human Resources, Airgas retaliated against Ms. Hall for attempting to exercise her right to take leave as provided under the FMLA.

35. Airgas's actions in retaliating against Ms. Hall for attempting to exercise her rights under the FMLA were committed with reckless disregard for her right to be free from discriminatory treatment on account of her exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(2).

36. The effect of Airgas's actions has been to deprive Ms. Hall of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her, solely because of her exercise of her rights under the FMLA.

37. As a result, Ms. Hall is entitled to both equitable and monetary relief for Airgas's violations of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

38. Ms. Hall is also entitled to liquidated damages for Airgas's willful violations of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

(a) Grant to Ms. Hall judgment in her favor and against Airgas under all counts of this Complaint;

(b) Order Airgas to make Ms. Hall whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost because of Airgas's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(c) Order that Ms. Hall be reinstated or, in the alternative, be awarded front pay;

(d) Grant to Ms. Hall liquidated damages for Airgas's willful violations of the FMLA;

(e) Grant to Ms. Hall a jury trial on all issues so triable;

(f) Grant to Ms. Hall her reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action as provided by 42 U.S.C. § 12117 (a) (as amended) and the FMLA; and

(g) Grant such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted 21st day of June 2022.

LEGARE, ATTWOOD & WOLFE, LLC

**Cheryl B. Legare**
Cheryl B. Legare
Georgia Bar No. 038553
cblegare@law-llc.com
Camille D. Jones

                                        Georgia Bar No. 612930
                                        cdjones@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Counsel for Plaintiff